UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. MCENERY,<br><br>  Plaintiff,<br><br>v.<br><br>TOM MCENERY, et al.,<br><br>  Defendants. | Case No. 21-cv-09614-HSG<br><br>**ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD**<br><br>Re: Dkt. No. 62 |

Pending before the Court is the motion to confirm arbitration award filed by Defendants Tom McEnery, Martin Menne, and MCM Diversified. Dkt. No. 62. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS** the motion to confirm the arbitration award.

**I.  BACKGROUND**

The parties are familiar with the lengthy history of this case, and the Court only includes those details that are relevant to the pending motion.

Plaintiff John McEnery and Defendants hold ownership interests in Urban Markets, LLC ("UM") and Urban Markets Entertainment, LLC ("UME") (collectively, "the LLCs").[1] *See* Dkt. No. 62-11, Ex. 12 ("Corrected Final Award") at 1. Through the LLCs, the parties operate the San Pedro Square Market in San Jose (the "Market"). *Id.* The parties signed nearly identical operating agreements for the two LLCs (the "Operating Agreements"). *See id.*, Ex. A ("Interim Award") at 3. During the COVID-19 pandemic, the Market effectively shut down for a time, and rather than

---

[1] Defendant Martin Menne owns Defendant MCM Diversified.

make distributions to their members, the LLCs made capital calls. *See id.* at 5–6. In approximately July 2020, Plaintiff therefore decided he wanted to sell his interests in the LLCs. *Id.* The Operating Agreements require that the selling member provide notice of any such sale to the non-selling members, and the non-selling members are entitled, under their right of first refusal, to pay the lesser of a third-party offer and the appraised value of the selling member's interest. *See id.* at 7, 10–12. Defendant Menne, through Defendant MCM Diversified, was interested in acquiring Plaintiff's interest in the LLCs. *See id.* at 6–7. The parties have vigorously disputed the logistics and price of such a sale under the terms of the Operating Agreements.

In July 2021, Defendants submitted a demand for arbitration to the American Arbitration Association, challenging Plaintiff's attempt to sell his interests in the LLCs to a third party without allowing them to exercise their right of first refusal. *See* Dkt. No. 62-1 ("Thomas Decl.") at ¶ 2. Plaintiff answered and submitted his own cross-claims. *See id.* at ¶ 3; Dkt. No. 62-3, Ex. 2. The parties agreed to appoint Jonathan Polland as the arbitrator. *See* Dkt. No. 62-4, Ex. 3.

Several months later, in December 2021, Plaintiff filed this action, asserting a single cause of action for intentional interference with prospective economic relations. *See* Dkt. No. 1. Specifically, Plaintiff argued that Defendants had interfered with his efforts to sell his interests in the LLCs to a third party. *See id.* at ¶¶ 6–10. The Court granted Defendants' motion to compel arbitration and stayed the case pending the completion of the arbitration. *See* Dkt. No. 56. Following the Court's order, Plaintiff requested leave to amend his cross-claims in the arbitration to add the intentional interference claim, which the arbitrator granted. *See* Interim Award at 2.

The arbitrator held a multi-day, in-person evidentiary hearing from December 12 to December 15, 2022. *See* Corrected Final Award at 1–2, 4. The parties also submitted closing briefs and made closing arguments at a final in-person hearing on February 17, 2023. *See id.* at 2. On March 8, 2023, the arbitrator provided an Interim Award, which resolved the merits of the parties' claims and cross-claims, but reserved a declaration of who was the prevailing party and an award of attorneys' fees and costs pending further briefing by the parties. *See* Interim Award. As relevant here, the arbitrator found that Plaintiff had breached the Operating Agreements and the implied covenants of good faith and fair dealing by failing to appoint an appraiser and transfer his

2

interests in the LLCs to Defendant MCM Diversified. *See id.* at 9, 12–15, 23–24. The arbitrator concluded that Defendant MCM Diversified was entitled to specific performance, and Plaintiff was therefore "required to immediately sell, convey and transfer all of his interests" in the LLCs to Defendant MCM Diversified for $726,667.67. *See id.* at 24.

On May 15, 2023, the arbitrator issued the Final Award, which incorporated the Interim Award. *See* Dkt. No. 62-8, Ex. 7. In the Final Award, the arbitrator found that Defendants MCM Diversified and Tom McEnery were the prevailing parties, and awarded attorneys' fees and costs to them. *Id.* at 15. In the Final Award, the arbitrator also denied Plaintiff's motion to modify or reconsider the Interim Award. *Id.* The arbitrator later corrected four typographical errors, and issued a corrected version of the Final Award on June 12, 2023. *See* Corrected Final Award.

In August 2023, Plaintiff filed a petition to vacate the Corrected Final Award, initiating a new action in Santa Clara Superior Court (Case No. 23CV421549). *See* Dkt. No. 62-12, Ex. 11. Plaintiff did not serve the petition to vacate on Defendants until October 2023. *See* Thomas Decl. at ¶ 15. Plaintiff appears to have raised the same arguments in Santa Clara Superior Court that he now raises in his opposition to this motion. *Compare* Dkt. No. 62-12, Ex. 11, *with* Dkt. No. 63. Defendants opposed Plaintiff's petition to vacate the award and requested instead that the Superior Court confirm the Corrected Final Award. *See* Dkt. No. 62-14, Ex. 13. On February 27, 2024, the Honorable Frederick S. Chung denied Plaintiff's petition to vacate the arbitration award. *See* Dkt. No. 62-15, Ex. 14. Because this federal action had been stayed, Judge Chung also denied without prejudice Defendants' request to confirm the arbitration award, explaining that although unusual, "considerations of comity require [the court] to defer to the U.S. District Court in the first instance." *Id.* at 7. Defendants therefore filed with this Court a motion to confirm the Corrected Final Arbitration Award. *See* Dkt. No. 62.

## II. LEGAL STANDARD

Section 9 of the Federal Arbitration Act ("FAA") provides that when presented with an application to confirm an arbitration award, the district court "must grant an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. "'Neither erroneous legal conclusions nor unsubstantiated factual findings justify a federal court review of an arbitral award.'" *Bosack v.*

3

*Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009) (quoting *Kyocera v. Prudential-Bache T Servs.*, 341 F.3d 987, 994 (9th Cir. 2003) (en banc)). Rather, grounds for vacating an award are limited to those specified by statute. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008) (holding Section 10 provides the FAA's exclusive grounds for vacatur of an arbitration award). Thus, the role of the courts in reviewing arbitration awards is extremely circumscribed. *See Southern California Gas Co. v. Utl. Workers Union of Am., Local 132, AFL-CIO*, 265 F.3d 787, 792 (9th Cir. 2001) (citing *Stead Motors v. Auto. Machinists Lodge*, 886 F.2d 1200, 1208, n.8 (9th Cir. 1989) (en banc)). The confirmation of an arbitration award is meant to be a summary proceeding. *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1105 (9th Cir. 2003).

The FAA authorizes courts to vacate an award when (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrator; (3) the arbitrator was guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or any other misbehavior by which the rights of any party have been prejudiced; or (4) the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made. *See* 9 U.S.C. § 10(a).

### III.   DISCUSSION

#### A.   Motion to Confirm Arbitration Award

Unsatisfied with both the arbitrator and Judge Chung's conclusions, Plaintiff argues for a third time that the arbitrator erred in determining that Plaintiff must sell his interests in the LLCs. *See* Dkt. No. 63. Plaintiff contends that the Court should vacate the arbitration award because the arbitrator failed to reopen the arbitration hearing "to hear evidence pertinent and material to the controversy." *Id.* (citing 9 U.S.C. § 10(a)(3)). Specifically, Plaintiff urges that the arbitrator should have considered Plaintiff's own valuation of the LLCs, which he obtained only after the arbitrator issued the Interim Award. *Id.* at 5–7; *see also* Dkt. No. 63-1, Ex. C (Declaration of Jack Peth, CPA, dated March 29, 2023). Plaintiff suggests that his own appraiser identified possible flaws in Defendants' appraisal and offered a valuation more than double what the arbitrator ultimately adopted. *Id.* Plaintiff states that he did not obtain any appraisal of his interests in the

1 LLCs in advance of the arbitration "based upon the advice of his counsel," and based on his own
2 interpretation of the Operating Agreements. *Id.* at 6. He did so at his own hazard, and it is not the
3 Court's role to step in to save Plaintiff from his own strategic choices.

4       As an initial matter, Plaintiff's request to vacate the arbitration award appears to be
5 untimely. Under the FAA, "[n]otice of a motion to vacate, modify, or correct an award must be
6 served upon the adverse party or his attorney within three months after the award is filed or
7 delivered." 9 U.S.C. § 12. The Ninth Circuit has also held that if a party does not move to vacate
8 an arbitration award within the statute of limitations, he is barred from raising all defenses to the
9 award. *See Sheet Metal Workers' Int'l Ass'n, Loc. No. 252 v. Standard Sheet Metal, Inc.*, 699
10 F.2d 481, 483 (9th Cir. 1983). Defendants argue that because Plaintiff never filed a motion to
11 vacate the award in this court, he missed the window entirely. *See* Dkt. No. 62 at 13–14.

12       This argument is complicated by the fact that Plaintiff *did* file a motion to vacate the
13 arbitration award. But he did so in state court. Plaintiff's substantive arguments now raised in
14 opposition to Defendants' motion to confirm the arbitration award mirror those that Plaintiff
15 raised—and that Judge Chung rejected—in state court, albeit under the California Code of Civil
16 Procedure rather than the FAA. *See* Dkt. No. 62-15, Ex. 14. The Court questions whether it
17 should, or even can, essentially reconsider Judge Chung's conclusions by evaluating anew
18 Plaintiff's challenges to the arbitration award. And Plaintiff offers no response at all to
19 Defendants' timeliness argument. *See generally* Dkt. No. 63. Plaintiff's failure to address this
20 argument suggests that he may not have a viable response. *Cf. Jenkins v. County of Riverside*, 398
21 F.3d 1093, 1095, n.4 (9th Cir. 2005) (finding plaintiff abandoned claims by not raising them in
22 opposition to motion for summary judgment).

23       But even if the Court were to consider Plaintiff's request to vacate the award, the Court is
24 still not persuaded by the merits of his argument. Despite Plaintiff's characterization, the
25 arbitrator *did* consider his new evidence and simply disagreed that it warranted reevaluation of the
26 award. *See* Corrected Final Award at 4–6. The arbitrator considered Plaintiff's request as both a
27 motion to modify and a motion to reconsider the Interim Award, and rejected them both. *See id.*
28 As Judge Chung already explained, the arbitrator provided multiple reasons for rejecting

Plaintiff's arguments:

> (1) The new evidence was "untimely" under the AAA rules, (2) the new evidence was an effort to "redetermine the merits of claims already decided in the Interim Award," which was a "violation of Rule 52," and (3) even after consideration of the new evidence, the arbitrator found "no basis for modifying the Interim Award based on those submission."

*See* Dkt. No. 62-15, Ex. at 5–6 (citing Corrected Final Award). The arbitrator explicitly reviewed Plaintiff's proffered evidence and addressed why reconsideration was not warranted based on the declaration from Plaintiff's appraiser. *See* Corrected Final Award at 6. At bottom, Plaintiff just disagrees with the arbitrator's decision and the Final Arbitration Award. That is not a proper basis to vacate an award, and controlling law clearly requires the Court to confirm it.

**B.   Attorneys' Fees and Costs**

Defendants also request attorneys' fees and costs incurred after the arbitrator issued the Corrected Final Award. *See* Dkt. No. 62 at 18–21. Plaintiff argues that counsel is not entitled to any additional fees beyond those already awarded by the arbitrator, and that Defendants' requested fees are unreasonable. *See* Dkt. No. 63 at 7–9. The Court is not persuaded by Plaintiff's cursory arguments.

Plaintiff first contends that "[t]his Court is not authorized to award Defendants further attorneys' fees." *Id.* at 7. In support of this sweeping proposition, however, Plaintiff cites only two Central District of California cases. *See Ridgeway v. Nabors Completion & Prod. Servs. Co.*, No. 15-CV-3436-DDP-JPR, 2021 WL 3184226, at *2 (C.D. Cal. June 25, 2021); *Hannibal Pictures v. Les Films de l'Elysee*, No. CV 12-6434 CAS JCGX, 2012 WL 6608595, at *2 (C.D. Cal. Dec. 18, 2012). Both cases appear to rely on a Seventh Circuit case, in with the court explained that "[a]bsent statutory authorization *or contractual agreement between the parties*, the prevailing American rule is that each party in federal litigation pays his own attorneys' fees." *Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir. 1994) (emphasis added).

Here, however, the Operating Agreements specifically provide that "[t]he prevailing party shall be entitled to reimbursement of attorney fees, costs, and expenses incurred *in connection with*

the arbitration." *See* Dkt. No. 62-5, Ex. 4 at 21–22; Dkt. No. 62-6, Ex. 5 at 22; Dkt. No. 62-6, Ex. 7 at 22 (emphasis added). Yet again Plaintiff does not address this argument at all. But in any event, defense counsel's time spent (1) opposing Plaintiff's petition to vacate the arbitration award in state court and (2) filing the motion to confirm the arbitration award in this court is clearly "in connection with" the arbitration. The Court finds that Defendants are thus entitled to recover their additional attorneys' fees and costs.

Defendants have provided billing records from April 11, 2023, through March 7, 2024, and a declaration with the additional time counsel incurred through March 28, 2023, in preparing the reply brief in support of the motion to confirm the arbitration award. *See* Dkt. No. 62-16, Ex. 15; Dkt. No. 64-1. These records reflect fees in the amount of $111,244.00 ($101,146.50 through 3/7/2024 and $10,097.50 through 3/28/2024), as well as costs in the amount of $2,451.10.

Having reviewed these billing records in detail, the Court is concerned that Defendants' requested fees include time incurred by Shaela Prince before she was admitted to the State Bar of California. *See* Thomas Decl. at ¶ 31; *see also* Dkt. No. 62-16, Ex. 15. Defendants acknowledge that before she was admitted to the bar, she was a "law clerk" at the firm, and she did not become an associate until February 1, 2024. *See* Thomas Decl. at ¶ 31. The Court will not award fees for any time Ms. Prince spent on this case until after she was admitted to the bar, and therefore deducts 17.80 hours of her time, and $2,759, from the requested fees.

Plaintiff also complains of "block billing" and "excessive conferencing" in Defendants' records. *See* Dkt. No. 63 at 8–9. However, the Court has found only a handful of instances where a billing entry does not specify the exact amount of time spent on each task. *See* Dkt. No. 62-16, Ex. 15. In any event, all the listed tasks appear relevant to, and reasonably incurred in, the enforcement of the arbitration award. As for the conferences, Defendants have explained that because they tried wherever possible to delegate work to those with lower hourly rates, at times they required additional internal conferences. *See* Thomas Decl. at ¶ 27; Dkt. No. 64 at 8–9. They also deducted time for those entries where work may have been duplicative. *Id.* The Court does not find that these conferences were excessive, and declines to reduce the requested fees because of them.

7

Lastly, Defendants appear to request additional fees for time spent working on this case in 2022 outside of the arbitration and before the arbitration award was even issued. *See* Dkt. No. 62 at 21–22. Defendants do not provide invoices for this time, but state that the time was "associated with necessary work in connection with this action including, without limitation, preparation of substitution of attorney forms, preparation of joint status reports required by the Court, correspondence with opposing counsel, and review of documents associated with this action." *See* Thomas Decl. at ¶ 21. In Defendants' motion they state that this time totaled $5,480. *See* Dkt. No. 62 at 21. In the accompanying declaration, however, Defendants state that this time totaled $4,580. *See* Thomas Decl. at ¶ 21. Even if the Court could tell which figure was correct, none of this time appears to be incurred in connection with the arbitration, and the Court will not award these additional fees.

The Court therefore awards attorneys' fees in the amount of $108,485.00 ($111,244 - $2,759 of Ms. Prince's time), as well as costs in the amount of $2,451.10.

## IV.     CONCLUSION

The Court **GRANTS** the motion to confirm arbitration award, Dkt. No. 62, and awards additional attorneys' fees in the amount of $108,485.00, as well as additional costs in the amount of $2,451.10. The Clerk is directed to enter judgment in favor of Defendants and against Plaintiff. This case will remain closed, and the Court **TERMINATES AS MOOT** the motion to lift the stay. Dkt. No. 69.

**IT IS SO ORDERED.**

Dated:    1/28/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge